IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC
2010 MAR -9 P 3:02

UNITED STATES OF AMERICA ) CR. NO. 6:10-258
)
vs. ) 18 U.S.C. § 922(g)(1)
) 18 U.S.C. § 924(a)(2)
**DANTE BRYANT LUDY,** ) 18 U.S.C. § 924(e)
[redacted] ) 21 U.S.C. § 846
) 21 U.S.C. § 841(a)(1)
**JERRY WATSON,** ) 21 U.S.C. § 841(b)(1)(A)
**a/k/a "Chop"** ) 21 U.S.C. § 841(b)(1)(C)
[redacted] ) 21 U.S.C. § 841(b)(1)(D)
) 26 U.S.C. § 5841
) 26 U.S.C. § 5861(d)
) 26 U.S.C. § 5871
18 U.S.C. § 2

SEALED INDICTMENT

COUNT 1

THE GRAND JURY CHARGES:

That beginning at a time unknown to the Grand Jury, but beginning at least in July of 2009, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina, the Defendants, **DANTE BRYANT LUDY,** [redacted] **JERRY WATSON, a/k/a "Chop,"** [redacted] knowingly and intentionally did combine, conspire and agree with each other and others, both known and unknown to the grand jury, to knowingly,

intentionally and unlawfully possess with intent to distribute cocaine and cocaine base (commonly known as "crack" cocaine), both Schedule II controlled substances, and marijuana, a Schedule I controlled substance, said conspiracy involving a quantity of cocaine, 50 grams or more of cocaine base, and a quantity of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C) and 841(b)(1)(D);

All in violation of Title 21, United States Code, Section 846.

COUNT 2

THE GRAND JURY FURTHER CHARGES:

That on or about April 30, 2009, in the District of South Carolina, the Defendants, **DANTE BRYANT LUDY** [redacted] knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT 3

THE GRAND JURY FURTHER CHARGES:

That on or about May 6, 2009, in the District of South Carolina, the Defendants, **DANTE BRYANT LUDY,** [redacted] knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, and a quantity of marijuana, a Schedule I controlled substance, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), 841(b)(1)(D), and Title 18, United States Code, Section 2.

COUNT 4

THE GRAND JURY FURTHER CHARGES:

That on or about May 26, 2009, in the District of South Carolina, the Defendant, **DANTE BRYANT LUDY**, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm and ammunition, that is a Savage 12 gauge shotgun and 12 gauge ammunition, all of which had been shipped and transported in interstate commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

COUNT 5

THE GRAND JURY FURTHER CHARGES:

That on or about May 26, 2009, in the District of South Carolina, the Defendant, **DANTE BRYANT LUDY**, knowingly did receive and possess a firearm, to wit, a Savage 12 gauge shotgun, with an overall length of less than 26 inches and a barrel length of less than 18 inches, which was not registered to him in the National Firearms Registration and Transfer Record;

In violation of Title 26, United States Code, Sections 5841, 5861(d) and 5871.

COUNT 6

THE GRAND JURY FURTHER CHARGES:

That on or about May 28, 2009, in the District of South Carolina, the Defendant, **JERRY WATSON, a/k/a "Chop,"** having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce, a firearm, that is a Rossi .357 caliber revolver, which had been shipped and transported in interstate commerce;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e).

COUNT 7

THE GRAND JURY FURTHER CHARGES:

That on or about June 12, 2009, in the District of South Carolina, the Defendants, **DANTE BRYANT LUDY** and **JERRY WATSON, a/k/a "Chop,"** knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

COUNT 8

THE GRAND JURY FURTHER CHARGES:

That on or about September 10, 2009, in the District of South Carolina, the Defendants, **DANTE BRYANT LUDY** [redacted] knowingly, intentionally and unlawfully did possess with intent to distribute and did distribute a quantity of cocaine, a Schedule II controlled substance, and did aid and abet each other in the commission of the aforesaid offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

A TRUE Bill

REDACTED

FOREPERSON

REDACTED

KEVIN F. MCDONALD (ABM/twd)
ACTING UNITED STATES ATTORNEY

THE UNITED STATES OF AMERICA vs. [redacted]

Cr. No.: 6:10-258

**COCAINE**

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and no prior felony drug conviction - a term of imprisonment of 20 years, no probation **if death or serious bodily injury results**, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(C) in a case involving less than 500 grams of cocaine and one or more prior felony drug convictions - a maximum term of imprisonment of 30 years, no probation **if death or serious bodily injury results**, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

**COCAINE BASE OR "CRACK" COCAINE**

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and one prior felony drug conviction - a minimum term of imprisonment of 20 years and a maximum term of life imprisonment, no probation, no parole, a fine of $8,000,000 and a term of supervised release of at least ten (10) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(A) in a case involving 50 grams or more of cocaine base and two or more prior felony drug convictions - a mandatory term of life imprisonment, no probation, no parole, a fine of $8,000,000, plus a special assessment of $100.

6:10-cr-00258-CRI *SEALED* Date Filed 03/09/10 Entry Number 4 Page 2 of 3

21 U.S.C. § 841(a)(1), (b)(1)(B) in a case involving 5 grams or more of cocaine base and no prior felony drug convictions - a minimum term of imprisonment of 5 years and a maximum term of imprisonment of 40 years, no probation, no parole, a fine of $2,000,000 and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(B) in a case involving 5 grams or more of cocaine base and one or more prior felony drug convictions - a minimum term of imprisonment of 10 years and a maximum term of life imprisonment, no probation, no parole, a fine of $4,000,000 and a term of supervised release of at least eight (8) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and no prior felony drug conviction - a maximum term of imprisonment of 20 years, no probation **if death or serious bodily injury results**, no parole, a fine of $1,000,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

21 U.S.C. § 841(a)(1), (b)(1)(C) in a case involving less than 5 grams of cocaine base and one or more prior felony drug convictions - a maximum term of imprisonment of 30 years, no probation **if death or serious bodily injury results**, no parole, a fine of $2,000,000 and a term of supervised release of at least six (6) years in addition to any term of imprisonment, plus a special assessment of $100.

**MARIJUANA**

21 USC 841(a)(1), (b)(1)(D) - in a case involving less than 50 kilograms of marijuana and no prior felony drug convictions - a maximum term of imprisonment of 5 years, a fine of $250,000, and a term of supervised release of at least two (2) years in addition to any term of imprisonment, plus a special assessment of $100.

21 USC 841(a)(1), (b)(1)(D) - in a case involving less than 50 kilograms of marijuana and one or more prior felony drug convictions - a maximum term of imprisonment of 10 years, a fine of $500,000, and a term of supervised release of at least four (4) years in addition to any term of imprisonment, plus a special assessment of $100.

**Possible penalties for 18 USC 922(g)(1):**

18 USC 924(a) - a maximum term of imprisonment of ten (10) years, a fine of $250,000 and a term of supervised release of at least three (3) years in addition to any term of imprisonment, plus a special assessment of $100.

**If the defendant has at least 3 prior convictions for a violent felony or serious drug offense**:

18 USC 924(e) - a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of imprisonment of life, a fine of $250,000 and a term of supervised release of not more than five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

**26 U.S.C. §5871**

A fine of not more than $10,000, and/or a term of imprisonment not to exceed 10 years, and a special assessment of $100.